UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE E. LEWIS,<br><br>                Petitioner,<br><br>     vs.<br><br>CHRISTIAN PFEIFFER,<br>Warden,<br><br>                Respondent. | Case No. CV 16-01439-RGK (DTB)<br><br>ORDER TO SHOW CAUSE |

    On March 1, 2016, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The Petition purports to be directed to a 2012 conviction sustained by petitioner in Los Angeles County Superior Court. (See Pet. at ¶¶ 1-2; California Appellate Court's website.)[1] Petitioner purports to be raising five grounds for relief. (See Pet. at ¶ 8(a-e).)

    Based on its review of the Petition as well as information derived from the California Appellate Courts website, it appears to the Court that the Petition is time barred. Accordingly, on or before **April 7, 2016**, petitioner is ORDERED to show

///

///

---

[1] http://appellatecases.courtinfo.ca.gov/index.html

cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.[2]

## THE TIME BAR ISSUE

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[3] 28 U.S.C. § 2244(d) provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

///
///

---

[2] The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[3] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

  From a review of the Petition, as well as the California Appellate Courts website, it appears that petitioner appealed the underlying judgment of conviction to the California Court of Appeal, which subsequently affirmed the judgment on July 14, 2014. Thereafter, petitioner filed a Petition for Review in the California Supreme Court on or about August 14, 2014 which was subsequently denied on October 15, 2014. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was January 13, 2015, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on January 13, 2015, and his one-year limitations period under the AEDPA expired on January 13, 2016, absent either a late-trigger date or a basis for tolling of the statute.

///

///

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that petitioner has a basis for contending that any of his claims is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date of his conviction became final and that has been made retroactively applicable to cases on collateral review, as provided in § 2244(1)(C). Finally, it appears that petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since petitioner was aware of the **factual** predicate of his claim as of the date his petition for review was denied. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was January 13, 2016. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28 U.S.C. § 2244(d)(2) provides:

> "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects

///
///
///

4

the petitioner's final collateral challenge." See id. at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

Petitioner's Petition for Review to the California Supreme Court was denied October 15, 2014, and his conviction became final 90 days later, on January 13, 2015. There is no record of petitioner filing any state habeas petition during the period between the denial of his Petition for Review and the filing of his federal habeas petition. Once the AEDPA limitations period lapsed in January 2016, it could not be reinitiated. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000). Thus, it appears there is no basis for statutory tolling of the limitations period with respect to the Petition.

In Holland v. Florida, _U.S._, 130 S. Ct. 2549 (2010), the Supreme Court held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable tolling. If petitioner intends to rely on the equitable tolling doctrine for purposes of arguing that his federal habeas petition is timely, he will need to include with his Response to this Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing hi rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time. See Pace v.

1   DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also
2   Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Raspberry v. Garcia, 448 F.3d
3   1150, 1153 (9th Cir. 2006).

5   DATED: March 7, 2016

                                          DAVID T. BRISTOW
                                          UNITED STATES MAGISTRATE JUDGE